64 F.3d 669
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael C. ANTONELLI, Petitioner-Appellant,
v.
Patrick KANE, Regional Director, United States Bureau of
Prisons, Respondent-Appellee.
 No. 95-3062.
 United States Court of Appeals, Tenth Circuit.
 Aug. 16, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining Petitioner-Appellant's brief[2] and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Antonelli appeals the dismissal by the district court of this mandamus action, brought against Mr. Patrick Kane, Regional Director of the United States Bureau of Prisons. The district court found that the claims underlying the present action had been raised and decided adversely to Mr. Antonelli in a prior habeas petition in Illinois.[3] The district court also noted that Mr. Antonelli had initiated at least five other unsuccessful mandamus actions against a variety of federal defendants, all predicated upon identical alleged constitutional violations. The district court consequently dismissed the petition.
 
 
 3
 We affirm for the reasons given by the district court.[4] Mr. Antonelli has made no attempt to demonstrate cause or prejudice that would justify reconsideration of the issues decided in his previous actions. He cannot therefore attempt to re-litigate his case simply by altering the name of the defendant.
 
 
 4
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Respondent-Appellee did not file a brief in this case
 
 
 [3]
 After a number of parole violations, a parole violator warrant was issued for Mr. Antonelli and he was subsequently arrested. He has persistently argued that his arrest and subsequent incarceration were invalid because he was not immediately served with a copy of the warrant and did not receive a preliminary revocation hearing within the applicable time limit
 
 
 [4]
 We grant Mr. Antonelli's motion for leave to proceed in forma pauperis